**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**NOV 10 2014**

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

|  |  |  |
|---|---|---|
| Jessica Jiles, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 14-53460TLB |
| v. | : | |
| | : | **COMPLAINT AND DEMAND FOR** |
| Professional Credit Management, Inc.; and | : | **JURY TRIAL** |
| DOES 1-10, inclusive, | : | |
| | : | |
| Defendants. | : | |
| | : | |

For this Complaint, Plaintiff, Jessica Jiles, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Jessica Jiles ("Plaintiff"), is a person residing in Springdale, Arkansas.

5. Defendant Professional Credit Management, Inc. ("PCM"), is a Arkansas business entity with an address of 500 West Washington Avenue, Jonesboro, Arkansas 72401, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6.      Does 1-10 (the "Collectors") are individual collectors employed by PCM and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      PCM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      An individual other than Plaintiff (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10.     The Debt was purchased, assigned or transferred to PCM for collection, or PCM was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. PCM Engages in Harassment and Abusive Tactics

12.     In or around July 2014, PCM began contacting Plaintiff in an attempt to collect the Debt from her sister, Christine Robinson.

13.     Shortly after the calls began, Plaintiff told PCM that her sister could not be reached at her number and requested that PCM cease all calls regarding the Debt.

14.     Nevertheless, PCM continued calling Plaintiff in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

15.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

2

16.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff regarding the Debt on numerous occasions, without being asked to do so.

19.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

21.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

22.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

23.     Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT –
## A.C.A. § 17-24-501, *et seq.*

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     Defendants' conduct violated A.C.A. § 17-24-503(3) in that Defendants contacted Plaintiff regarding the Debt on numerous occasions, without being asked to do so.

26.     Defendants' conduct violated A.C.A. § 17-24-505(a) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

27.     Defendants' conduct violated A.C.A. § 17-24-507(a) in that Defendants used unfair and unconscionable means to collect a debt.

28.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the AFDCPA.

29.     Plaintiff is entitled to damages as a result of Defendants' violations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and A.C.A. § 17-24-512(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and A.C.A. § 17-24-512(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and A.C.A. § 17-24-512(3);

4.  Actual damages pursuant to A.C.A. 4-88-113(f);

5.  Costs of litigation and reasonable attorney's fees pursuant to A.C.A. 4-88-113(f);

6.  Punitive damages; and

7.  Such other and further relief as may be just and proper.

4

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 3, 2014

Respectfully submitted,

By

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

5